Daniel M. Gilleon (SBN 195200)
The Gilleon Law Firm
1320 Columbia Street, Suite 200
San Diego, CA 92101
Tel: 619.702.8623/Fax: 619.702.6337
dmg@mglawyers.com

Steve Hoffman (SBN 237466)
Law Office of Steve Hoffman
1320 Columbia Street, Suite 200
San Diego, CA 92101
Tel: 619.677.3015/Fax: 888.320.9384
shoffmanlaw@gmail.com

Attorneys for Plaintiff Robert Branch

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BRANCH, | CASE NO. '15CV2336 AJB  KSC |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. VIOLATION OF 42 U.S.C. § 1983 (EXCESSIVE FORCE) |
| COUNTY OF SAN DIEGO, PAUL WARD, an individual, BILL GORE, an individual. | 2. VIOLATION OF 42 U.S.C. § 1983 (RETALIATION)<br>3. BATTERY BY PEACE OFFICER<br>4. FAILURE TO PROPERLY TRAIN<br>5. *MONELL* LIABILITY - RATIFICATION |
| Defendants. | 6. VIOLATION OF CALIFORNIA CIVIL CODE § 52.1<br>7. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>8. NEGLIGENCE |
| | JURY TRIAL DEMANDED |

## GENERAL ALLEGATIONS

1.     Jurisdiction is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3) and (4), et. seq.

2.     This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. §1367(a).

3.     Venue is proper in the Southern District of California because the acts

1  or omissions which form the basis of the Plaintiff's claims occurred in San Diego,
2  California, within the Southern District.

3     4.    Plaintiff has complied with Government Code §§ 810 et seq.

4                                **PARTIES**

5     5.    At all times relevant to this complaint, Plaintiff was an individual
6  residing in San Diego County, California.

7     6.    At all times relevant to this complaint, Defendant Paul Ward (Ward) was
8  an individual believed to reside in San Diego County, California and was acting under
9  color of law in his position as a Deputy Sheriff employed by the San Diego County
10 Sheriff's Department.

11    7.    Defendant County of San Diego is a public entity, a county in the State
12 of California.

13    8.    Defendant Bill Gore is the Sheriff of San Diego County and is a policy
14 maker.

15                                **FACTS**

16    9.    On the afternoon of May 5, 2015 Robert Branch was driving his vehicle
17 westbound on the access ramp to Interstate 8 near 2nd Street in El Cajon, California.
18 As he transitioned on to Interstate 8, Branch began to move to the left lane to pass the
19 slower moving vehicle ahead of him, a Ford sedan.

20    10.   In a fit of road rage, the Ford accelerated and jerked left into Branch's
21 lane of travel, forcing Branch onto the left shoulder of Interstate 8. Branch accelerated
22 and was able to get back onto the roadway.

23    11.   Branch continued westbound on Interstate 8 for approximately nine miles
24 and did not see the Ford during that time. He exited onto College Avenue in San
25 Diego to investigate rattling he heard in his trunk, and parked his vehicle on a side
26 street.

27    12.   Unbeknownst to Branch, the Ford had been following him and was being
28 driven by Detective Paul Ward of the San Diego Sheriff's Department.  As Branch

exited his vehicle and began to walk back to his trunk area he saw the Ford drive past him in the opposite direction, with Ward driving and smiling at him.

13.   Branch opened his trunk and secured the loose objects, and heard a car park behind him. After closing the trunk, Branch began to walk back to the driver's compartment of his vehicle and turned around to see Ward approaching.

14.   Ward, dressed in plain civilian clothes, walked toward Branch, pulling a wallet from his left rear pocket. Ward opened the wallet and flashed a badge at Branch, said "San Diego Sheriff's Department" to Ward and demanded Branch's license and registration.

15.   Branch was uncertain whether Ward was a law enforcement officer because he saw no lights or identifying markings on the Ford, Ward showed no picture identification, displayed no radio, handcuffs or gun to indicate Ward had any authority to initiate a traffic stop. Branch was concerned for his safety.

16.   Branch told Ward that he would not give him his license or registration because Ward was not on duty. Ward asked Branch if he knew he could go to jail for reckless driving and again demanded his license and registration. Branch asked Ward if Ward had called the police.

17.   Still uncertain if Ward was a law enforcement officer, Branch agreed that he would give Ward his license but that he was going to video record Ward, because Branch was in fear for his safety. Branch sat in the driver's seat of his vehicle and produced his license and retrieved his phone. Branch asked Ward if he knew "what was going on in the world, in Baltimore and Ferguson."

18.   Ward ordered Branch out of his vehicle. Branch complied and began to video record the encounter. Ward told Branch he was being detained, pushed his chest against Branch and grabbed Branch on the chest and back. Branch told Ward he could not touch him and again asked Ward to call the police.

19.   Ward then threw his arm around Branch's neck, with Ward's forearm directly across Branch's throat and trachea, cutting off Branch's airflow, choking him.

Ward then finally asked a witness to call the police.

20.     Ward took Branch to the ground and continued to choke Branch and restrain him by his neck for several more minutes.

21.     Other law enforcement officers arrived and Branch was arrested for violating California Penal Code § 69, resisting an executive officer using force or violence; in this case it was felony "contempt of cop."

22.     On or about June 17, 2014, nearly a year before Ward's assault on Branch, another San Diego County Sheriff's Department detective working in the same unit as Ward complained to Ward's supervising lieutenant and to the Sheriff's Department's Internal Affairs division that  Ward had committed a battery against him. The complaining detective reported that Ward's actions had become "increasingly erratic and that [Ward's] hostile behavior is progressing." The complaining detective told the Internal Affairs division that he believed Ward to be a "loose cannon" and that Ward was going to hurt somebody.

**FIRST CAUSE OF ACTION**
(Civil Rights Action (42 U.S.C. § 1983)- Excessive Force - Against Defendant Ward)

23.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by reference.

24. 42 U.S.C. § 1983 provides in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

25.     Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress.

26.     Plaintiff had a firmly established right to be free from excessive force

being used against him.

27.   On May 5, 2015 Plaintiff posed no threat to Ward or anyone else when Ward used excessive force.

28.   The use of force in grabbing Plaintiff and choking him with the forearm was unnecessary and excessive.

29.   The use of force by continuing to use a neck restraint on Plaintiff for several minutes was unnecessary and excessive.

30.   Defendant acted under color of state law in violating Plaintiffs' rights.

31.   Defendant was acting in purported compliance with a policy promulgated by the San Diego County Sheriffs Department, in using respiratory neck restraints against citizens who had broken no law or committed minor offenses.

32.   During the relevant period, defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of California and the County of San Diego.

33.   Defendant, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that use of force in these circumstances was illegal under clearly established law.

34.   The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution which has also legally, proximately, foreseeably and actually caused Plaintiffs to suffer physical injury, emotional distress, pain and suffering, and further damages according to proof at the time of trial.

35.   The conduct alleged herein was done in deliberate or reckless disregard of and Plaintiff's constitutionally protected rights; justifying the award of exemplary damages against Defendants in an amount according to proof at the time of trial in order to deter the Defendant from engaging in similar conduct and to make an example by way of monetary punishment.

36.   Plaintiff is also entitled to attorney fees and costs of suit herein.

1

2

**SECOND CAUSE OF ACTION**
(Violation of 42 U.S.C. § 1983 - Retaliation - Against Defendant Ward)

3      37.    Plaintiff realleges all prior paragraphs of this complaint and incorporates

4   the same by reference.

5      38.    Plaintiff had a First Amendment right to record the police for engaging

6   in what he perceived to be a violation of his rights.

7      39.    Defendant Ward did not want a citizen recording or making public his

8   unconstitutional acts.

9      40.    Plaintiff had a Constitutional right as a citizen to petition the government

10   for a redress of grievances.

11      41.    Plaintiff exercised his right under the First Amendment to ask for a

12   uniformed, on-duty police officer to come to the scene after Ward demanded his

13   license and registration and detained him.

14      42.    Ward used force on the Plaintiff and arrested him as retaliation because

15   Plaintiff recorded him.

16      43.    Ward used force on the Plaintiff and arrested him because Plaintiff asked

17   for a uniformed, on-duty police officer to come to the scene.

18      44.    As a result of Ward's actions, Plaintiff suffered damages in the amount

19   to be proven at trial.

20

21

**THIRD CAUSE OF ACTION**
(Battery By Peace Officer - Against Defendants Ward and County of San Diego)

22      45.    Plaintiff realleges all prior paragraphs of this complaint and incorporates

23   the same by reference.

24      46.    Plaintiff was not attempting to escape, was not resisting and was not in

25   any way interfering with any legal duty Ward may have had.

26      47.    Ward intentionally wrapped his arm around Plaintiff's neck and applied

27   force with his forearm to Plaintiff's throat and trachea.

28      48.    The use of force by Ward in grabbing Plaintiff and choking him with the

*Robert Branch v. County of San Diego*
Complaint

1    forearm was unnecessary and excessive.

2        49.    Plaintiff did not consent to any touching by Ward.

3        50.    Plaintiff was harmed by Ward's touching.

4        51.    Ward's use of unreasonable force was a substantial factor in causing the

5    harm to Plaintiff.

6        52.    The conduct of Defendant Ward also amounts to oppression, fraud or

7    malice and punitive damages should be assessed against Defendant Ward for the

8    purpose of punishment and for the sake of example.

9        53.    Defendant County of San Diego is vicariously liable under Government

10   Code § 815.2(a) for the acts and omissions of Ward during the course and scope of his

11   employment.

12
13
                              **FOURTH CAUSE OF ACTION**
                (Failure To Properly Train - Against Defendant County of San Diego)

14       54.    Plaintiff realleges all prior paragraphs of this complaint and incorporates

15   the same by reference.

16       55.    Ward used unnecessary and excessive force by applying a dangerous

17   neck restraint on Plaintiff.

18       56.    Ward had received inadequate training in the use of force and the use of

19   neck restraints.

20       57.    The training policies of the San Diego Sheriff's Department were not

21   adequate to train its deputies to handle the usual an recurring situations in which they

22   must deal.

23       58.    The unit of the San Diego County Sheriff's Department that Ward

24   worked in did not have a training or re-training program.

25       59.    Defendant County of San Diego was deliberately indifferent to the

26   obvious consequences of its failure to train its deputies adequately.

27       60.    The failure of the defendant County of San Diego to provide adequate

28   training caused the deprivation of Plaintiff's rights by Ward.

*Robert Branch v. County of San Diego*
Complaint

61.     The failure of the defendant County of San Diego to provide adequate training is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused Plaintiff's damages.

## FIFTH CAUSE OF ACTION
(*Monell* Liability - Ratification - Against Defendants County of San Diego and Bill Gore)

62.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by reference.

63.     On or about May 13, 2015, the public affairs director for the San Diego Sheriff's Department, Jan Caldwell, stated that Ward followed department policy in using force and a neck restraint on Plaintiff.

64.     Caldwell acknowledged that neck restraints that restrict air flow are very dangerous and are not permitted by the San Diego County Sheriff's Department.

65.     Caldwell acknowledged that the department had viewed a video of the use of force by Ward on Plaintiff.

66.     Defendant Bill Gore had final policy making authority for the defendant County of  San Diego concerning the acts of Ward.

67.     Defendant Bill Gore knew of and specifically approved of Ward's acts, thereby ratifying Ward's acts against Plaintiff and the basis for them.

## SIXTH CAUSE OF ACTION
(Violation of California Civil Code Section 52.1 - Against Defendants Ward and County of San Diego)

68.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by reference.

69.     Plaintiff had a firmly established right to be free from excessive force under the Fourth Amendment through the Fourteenth Amendment to the United States Constitution and the equivalent provisions of the California Constitution. Plaintiff also had a firmly established right to video record Defendant under the First Amendment to the United States Constitution.

70.     The California Legislature has declared that it violates our state civil rights act for any person to interfere with the exercise or enjoyment by any individual of his rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion or attempted threats, intimidation or coercion.

71.     The Defendants interfered with Plaintiff's rights under the First and Fourth Amendment of the United States Constitution and the equivalent provisions of the state Constitution by the use of force and violence as alleged above.

72.     This interference with Plaintiff's rights was perpetrated by the Defendants in violation of California Civil Code § 52.1 and their right under the Fourth and Fourteenth Amendments to be free from excessive force and under the First Amendment and the Fourteenth Amendment to the United States Constitution and the California Constitution.

73.     Due to the violation of Plaintiff's rights by all Defendants, Plaintiffs suffered economic damages and non-economic damages, including, but not limited to, emotional distress, pain and suffering, medical expenses and fear caused by the acts complained of herein according to proof at the time of trial.

74.     Plaintiff is also entitled to the statutory civil penalties set forth in Civil Code § 52.1, attorneys' fees and costs of suit incurred herein.

75.     The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of Civil Code § 3294 et seq. and punitive damages should be assessed against each non-public entity defendant for the purpose of punishment and for the sake of example. Defendant County of San Diego is liable for the acts of its officers as they have agreed with and or ratified the acts.

## SEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress - Against Defendants County of San Diego and Ward)

76.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by reference.

77.     By engaging in the acts alleged herein, Ward engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

78.     As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiff.

79.     The conduct of Defendant Ward also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendant Ward for the purpose of punishment and for the sake of example.

80.     Defendant County of San Diego is vicariously liable under Government Code § 815.2(a) for the acts and omissions of Ward during the course and scope of his employment.

## EIGHTH CAUSE OF ACTION
(Negligence - Against All Defendants)

81.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by reference.

82.     Defendants owed a duty of care to members of the public to act reasonably and abide by the law, and had a duty to use reasonably in training its deputies, including but not limited to Ward, to avoid foreseeable injury and damages to members of the public, such as Plaintiff. Further, Ward had a duty to act with ordinary care and prudence so as not to cause harm or injury to another.

83.     Ward breached this duty by failing to use the ordinary care and skill in the scope of his employment as a law enforcement officer when he violently attacked Plaintiff and placed him in a neck restraint.

84.     Defendant County of San Diego, through the Sheriff's department, breached its duty to use reasonable care in the training of its deputies, including, but not limited to Ward.

85.     As a direct and proximate cause of Defendants' actions, Plaintiff has been

*Robert Branch v. County of San Diego*
Complaint

1    damaged in an amount according to proof at trial.

2        86.    Defendant County of San Diego is vicariously liable under Government

3    Code § 815.2(a) for the acts and omissions of Ward during the course and scope of his

4    employment.

5                              **PRAYER FOR RELIEF**

6        WHEREFORE, Plaintiff asks for judgment against Defendants as follows:

7        1.    Compensatory general and special damages in an amount in according

8    to proof;

9        2.    Punitive and treble damages in an amount according to proof;

10       3.    Awarding reasonable attorney's fees, expenses, and costs of suit;

11       4.    Pre-judgment interest;

12       5.    Directing Defendants to set forth policies and procedures as may be

13   necessary and proper with respect to the use of force and the use of neck restraints.

14       6.    Granting such other and further relief as the Court deems proper.

15

16

17   Dated: October 16, 2015                The Gilleon Law Firm
18                                           Law Office of Steve Hoffman

19
20                                           s/Steve Hoffman
                                             Attorney for Plaintiff Robert Branch
21                                           Email: shoffmanlaw@gmail.com

22

23

24

25

26

27

28

*Robert Branch v. County of San Diego*
Complaint